The next case is Williams v. Superintendent Rockview SCI. This is case number 23-1306. Good afternoon Mr. Saylor. Good morning your honors. Sam Saylor for Mr. Williams. I'd like to reserve three months. I'm sorry go ahead. I'd like to reserve not three months but three minutes. Hopefully you deny my month's request. You've got the three minutes. Thank you your honors. Mr. Williams' 2013 sentence is the new judgment that holds him in custody today. Under this court's precedent in Lesko and Edwards, Mr. Williams seeks to attack that judgment via a first habeas petition. Below the district court abused its discretion when it found Mr. Williams' 2013 sentence was not a new judgment and further abused its discretion when it denied his Rule 60B motion without any review of the other equitable factors in this case. The ultimate remedy he seeks is a reopening of his case after a full review and evaluation of the equitable factors by the district court below. Is it a new judgment? Correct your honor. Under Lesko. Did it invalidate the first, the other proceeding? Yes it did. The events surrounding the 2013 sentence indicate that is a replacement of the 2007 sentence under Pennsylvania law and this is something that. Was it because that prior sentence was invalid? Well your honor, any challenge. It may have been new and it may have been a replacement but I question Judge Estrepo ask, was it invalid? Under Pennsylvania law, any challenge to the time credit is a challenge to the legality of the sentence. I know it was not even a challenge this time. What he was saying was, you know, I have a, he argued he had a very novel sentencing bank. He had banked incarceration time and probation time and he's now shown up and he wants to use his banked time. I don't think it applies at all to the underlying sentence that was initially given. Well I think if we look at what happened in in the 2013 sentence, I think we can see that the ultimately the PCRA court, which is sitting in PCRA jurisdiction, it's not sitting in some sort of discretionary posture, it's answering challenges or claims and one of those claims is that Mr. Owens brings this time credit claim. Ultimately, he showed up and he said I've got all these other claims but I also got this card, this credit card that they gave me, a gift card they gave me. I have 103 days coming to me somewhere and I'd like to use them here. Well let's say it was an error. I'm not sure why that, what was it an error? I'm not, well let's say that it was actually for the just purposes of argument here. Let's say that it was, I don't actually think it matters for this court's inquiry because the, excuse me, the PCRA court in 2013 believed it was required by law to award him that time credit. The entire architecture of that proceeding, there's a remand in which they say the time credit appears to be unaccounted for, there's a there's a hearing, there is a concession by the in which they agree that Mr. Williams is entitled, there there's an opinion, there is an order entered, there are all these indicia in which the, in which that court believes that it is required under law. And what about, what about Superior Court's opinion in 2014? On direct appeal, the Superior Court did say that Mr. Williams was not legally entitled. However, doesn't that go to the invalidity question? Except the Superior Court affirmed the order below, affirmed the order saying that there's a new sentence. Well the Commonwealth, the Commonwealth didn't object below, so we're gonna let it go. The Commonwealth said it was entitled, the court below said that he was entitled. At that moment he has a new sentence and a new judgment. I don't think this court wants to be parsing through state court opinion language when the order, the actual legal effect of that opinion affirms and does not overturn the time credit award. The only issue on appeal, on direct appeal, Mr. Williams said he was entitled to additional time credit of four years. The direct appeal court said, you know, you don't get that, but we're not going to overturn what happened below. Again, the only legally meaningful language here is the order affirmed language. In a far more persuasive, and let's not lose sight of the fact, the most definitive pronouncement from the Pennsylvania courts about how they see Mr. Williams' 2013 proceeding is the 2016 Superior Court on PCRA appeal. When they explicitly find the 2013 sentences new with a new finality date and permitted a new PCRA petition that would have been time-barred, had the 2007 sentence not been replaced and simply been updated. I keep going back to my original question. So under Edwards didn't we hold that a modified or amended judgment is a new judgment under Magwood only if the prior judgment is invalid? I think your Honor's trying to find some sort of sentence or language in which a court says a sentence is invalid. Again, I think I'm going by this broad rule in Pennsylvania which has been held multiple times at Pennsylvania courts that any challenge to the time credit, to the original understanding of the time credit, is a challenge to the legality of the sentence. But what about the judgment? The modifying a sentence is different than invalidating the previous judgment, right? It's not a modified sentence though. It is a fully new sentence. It is not backdated to the original 2007 date. It's not entered non-pro-tunc. It is a fully updated sentence. It doesn't invalidate prior judgment, does it? I do believe under Pennsylvania law it does. It does. I mean, I think that's got to be the basis of it. And I'll just add, Your Honor, in Pennsylvania, it's my experience and I think the rules say that a sentencing court has the ability to modify a sentence for 30 days, but at any time has the ability to correct and replace an illegal sentence. That's what this was. It was an illegal sentence. Because it didn't award him the time credit that, again, the court in 2013 believed, you know, he wasn't entitled to in 2007, but in 2013 believed that he was, whether it was an error or not. At that moment, it was a new judgment. The imposition of the sentence was the entering of a new judgment and was the full replacement of an invalid sentence in 2007. Your Honor, in essence, one of the things, what you're in essence arguing here, a lot of quirks to this case. But really what's before us is that Magistrate Judge Lenahan and Judge Cercone denied the Rule 60B motion. Isn't that really why you're here? You're saying that that was incorrect for them to have denied that. That's the vehicle by which Mr. Williams challenges and wants to reopen his judgment. Okay. Why was that basic decision not correct? Because the Magistrate Judge and the District Judge below failed to apply LESCO and then the reasoning in Edwards later. How does LESCO enter into this? LESCO enters into it because it says that any new or altered sentence, when it is imposed, that there's a new judgment and any component, the conviction or the sentence is now ripe for a first habeas petition attack. So Mr. Williams brings solely conviction claims. So therefore, under LESCO, he's able to attack that. I just don't see how you get around notwithstanding what LESCO said. And I said a lot in LESCO. I can be on both sides of LESCO. But it seems to me that Edwards is the case that is your hurdle, Judge Restrepo has referenced. I think Edwards supports our position here because I think we actually need Edwards in order for Mr. Williams to have a new judgment. Because under that, again, that Pennsylvania law, which says that any challenge to the sentence is a challenge to the legality of the sentence. If it's an illegal sentence, and then we have a new sentence, the previous one was not valid, I think, by nature. In Edwards, the court references Gonzales versus Sherman in the Ninth Circuit, which has a very similar time credit law in California, in which in the Ninth Circuit finds that California law says that any sentence that doesn't award the time credit that should have been given in the first instance is illegal when it is replaced. A new judgment under Magwood arises. Let's assume you satisfy this, and we extend Edwards, and we, you know, all that. You've still got the 60B problem, and this really should have been a 60B1. It wasn't. You're trying to use 60B6 extraordinary circumstances, basically, to try and make new law retroactive, which is very much against the thrust of Teague and everything else. So what's extraordinary here such that we should reopen this well past the timelines? I mean, 60B6 is a catch-all. You're trying to get around the limits in 60B1. So what is there that counts, that really justifies that? I'll note in terms of retroactivity question, by the way, Your Honor, that the Supreme Court did hold that Magwood was retroactively available to petitioners on collateral review. So it does consider Magwood, I think by extension, the cases that form its progeny important enough, an important enough rule to apply in that way. In terms of the 60B factors, the extraordinary circumstances all favor Mr. Williams in this case. Again, there's the change in circuit decisional law, first Lesko and then Edwards, that the courts below got wrong and then also didn't evaluate any of the other factors in the case. Diligence, obviously, he's been very diligent because he cited Magwood immediately upon filing his first habeas following that 2013 judgment. While there has been a delay, again, it's not his fault because Lesko was only recently issued and there have been comparable delays in other Rule 60B cases such as Satterfield. In terms of the merits, there is at least one claim that has not been reviewed in the merits. That alone should, we believe, point towards a remand for fuller consideration. I'll note that in my brief, I do review these factors in a very 1,000-foot, 3,000-foot way, but the Commonwealth has not at all in their briefing. I think it would be unusual in this oral argument posture for us to pash out what the factors are here without a fuller remand to the district court. I'll also note in terms of the equities, Mr. Williams did have a review before he had a first habeas petition in which five of his claims were reviewed. At least one of those claims appears to not have had the benefit of a full jury trial transcript, which I think should certainly go to this court's consideration of whether there are equitable factors that point towards whether Mr. Williams deserves a fuller consideration in a Rule 60B posture. Thank you, Your Honors. Good afternoon. Good afternoon, Your Honors. May it please the Court, Rasheen Pettit, on behalf of the Apley respondents. Your Honors, as you're aware, denial of a 60B motion can be affirmed on any grounds supported by the record. In this case, our position is that the record demonstrates that any new intervening law regarding sentence modifications in Magwood do not provide a basis of relief for Mr. Williams, but rather preclude him. Specifically, I'm referencing In re Edwards. Furthermore, the record shows that there is a of extraordinary circumstances which would warrant 60B relief for Mr. Williams. The central issue here, which has been hit on, is that the 2013 sentence modification is not a new intervening judgment under Magwood, as this court clarified and further defined in In re Edwards. In re Edwards answered the question that was left open by Lesko, and that is, does any modification, any change in a sentence, does that equal a new intervening judgment? Well, the rule that Edwards announced was, if it's a matter of grace, no. But here, we had multiple state courts saying, no, this is not mercy or grace. This was wrong, the way it was credited. So that seems to be a ground for distinguishing Edwards. Yes, that is part of what Edwards said. But the ultimate holding on Edwards is that a modification will be a new judgment only if the prior judgment or prior sentence was invalid. And in this case, that is not what happened. The Pennsylvania Superior Court distinctly found that Mr. Williams was not entitled to any time credit, including the gift card, as Judge Fischer referred to it, the 104 days, I believe, that he received. The Superior Court explicitly said Mr. Williams was not entitled to any time credit based on his prior 1991 conviction. And so therefore, that original sentence, which was issued in 2007, is not invalid. It was never deemed invalid. So the crux of the Edwards case would show us that here, there was no new intervening judgment for purposes of Magwood. And I would point out, the Edwards court also made a point to say, to allow any change, even a substantive one, to create a new judgment would undermine AEDPA and the interest that AEDPA has in the finality of decisions. So while Mr. Williams's sentence was modified in some fashion by giving him time credit in 2013, the Superior Court's subsequent legal conclusions make it clear that it was not, the original sentence was not invalidated. Can I ask you, you're talking about language in the opinion, but don't we, shouldn't we ultimately focus on the judgment? I mean, it seems to me that there's a tension between those two. And if it, you know, if it's affirming the new 2013 sentence, isn't that what we should focus on? I think that's the perfect word to say there's a tension between the two, but I think that the language of the Superior Court opinion is what we should look at in deciding how to analyze that tension. All right. We'll hear your friend's perspective on that on rebuttal as well, but please go on. Yes. And related to that, Mr. Williams's position that he is in custody based on the 2013 modified sentence, Appley's response to that is, well, so was Mr. Edwards and N. Ray Edwards. He would have been considered to be in custody on his new modified reduced sentence, but there the Third Circuit said, it's still not a new intervening judgment to allow you to reopen and re-litigate claims related to your conviction because it's not going to qualify under Magwood. And related to that, there was argument made about Pennsylvania law and time credit and how that gets to the legality. The Pennsylvania law, it's not that anytime somebody makes a claim that they're entitled to time credit that that makes their original sentence illegal. Rather, if there was time credit that you were legally entitled to that you did not receive, then your original sentence would be illegal. That's not what happened here. And that's actually in line with Gonzales as well, what they had to say, what that circuit had to say in regards to a similar law in California. So, the in custody part does not matter or doesn't help Mr. Williams. And he also referenced the fact that the PCRA court, subsequent to the 2013 modification, found that PCRA that was filed in 2014 timely. Well, again, that's consistent with Pennsylvania law because Mr. Williams only proceeding before Judge Sasanofsky. He did not try to bring up claims related to his undisturbed underlying conviction. And that is the law in Pennsylvania. When you are resentenced, it does not reset the clock to go back and challenge your conviction. But you can certainly raise an appeal, a PCRA regarding any modification to your sentence. So, the fact that a PCRA court found that to be timely is irrelevant here because in that PCRA, he was only challenging the modified sentence. Again, I think that when we look at this case in the lens of In re Edwards, that it is very clear on the record that the 60B, the denial of the 60B motion can and should be affirmed. If the court would like me to get into any of the Cox factors, I can. Yeah, just briefly. Sure. I believe we were asked to be prepared to say if this court determined that it is a new intervening judgment, would this court have to remand the case to the district court? And looking at the Third Circuit, it certainly appears to be what usually happens, that it is remanded back to the district court, because I do agree the district court did not really get into the Cox factors in any substantive way. However, the Third Circuit also said in Bracey, I believe in 2021, that while ordinarily remand is done, the Third Circuit can't affirm on any basis that's supported by the record. So, when we look at this record, I think a couple things are really important. Number one, the merits. The 2013 habeas petition, which is what Mr. Williams was saying he wanted reopened in his 60B motion. When we look at that, five of the claims that he raised there were already decided in his 2010 habeas petition. And when I say that, they were thoroughly litigated. That report and recommendation that came out in that case was 44 pages long. Each issue was looked at in depth. So, I would say in this instance, the merits have already been addressed and dismissed. Secondly, when we look at the time that has elapsed from Mr. Williams conviction to when there was a change in law. So, if we look at LESCO, that's 15 years, your honors. That's a substantial amount of time. And I would say that that factor weighs against Mr. Williams and more for the appellee's position that the 60B motion was properly denied. And finally, I think it's very hard to look at this case without looking at the unique circumstance that this was a time credit, an award of time credit. It was not a full-blown sentencing hearing. It was not that substantial. And adding to the unique circumstance is the fact that ultimately, the appellate court in the state said you were never entitled to that time credit. So, I think there is enough on this record for this court to affirm dismissal of the 60B motion without having to remand it to the district court. If there's no further questions, that's all I have. Thank you. Thank you so much. Your honors, on rebuttal, I'll just cover a few important points here. One is my colleague referred to the fact that the merits were already reviewed. I did explain right at the end of my time, I went over a little bit about how there were some problems, at least with the initial merits review in the 2010 proceeding. But just in terms of a broader point about the review of the merits, if this court were to hold that a prior review would negatively impact the Rule 60B analysis, then virtually any Magwood error or Lesko error or Edwards error by a district court would be beyond the reach of a 60B motion, essentially uncorrectable. Because, by nature, any Magwood error is, by definition, involves a second-in-time habeas petition as a first because there's a new intervening judgment. So, that just basically excludes any error there from the Rule 60B touch or reach. And I think that just can't be consistent with the equitable purpose that Rule 60B serves. In terms of, I think there was quite a bit of time spent about Edwards, and I think it's important to understand the context of Edwards, which is that Mr. Edwards was saying that there is a new judgment after a First Step Act hearing pursuant to 3582. The court obviously held that was a modification. Again, a legislative act of grace is, I think, along the lines of how the court put it there. This is very distinct from what I mentioned in my opening, which is that, again, the challenge here and all the procedural architecture of this 2013 challenge speaks to Mr. Williams going to, you know, challenging the understanding of that time credit and the 2013 PCRA court believing it had to, under law, give him the type, excuse me, give him the credit to which it believed he was entitled. I think we touched quite a bit on what I'm going to say is dicta in the direct appeal, because the ultimate holding of that direct appeal in Superior Court was that the order was affirmed. You know, I don't think this court wants to start guessing as to, you know, whether they caught the error or not. I think my final point here would be, in terms of the Superior Court in 2016 on PCRA review of that 2013 new sentence, I will note that the Commonwealth in that briefing directly argued that the PCRA in that case was untimely. They argued that it was untimely, and the Superior Court in 2016 disagreed with that position explicitly. So, far from what my colleague is claiming today, there wasn't some sort of acquiescence of timeliness. No, you know, before the Commonwealth did argue that it was untimely, and the Superior Court in 2016 found it was a new sentence, a new judgment with a new finality date. I believe my time has expired. Thank you. Thank you, counsel, for your briefs and the arguments. We'll take this matter under consideration. Back to you.